Hand-Delivered

FILED
CHARLOTTE, NC

SEP 25 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MOHAMAD CONTEH <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY <br><br> Defendant. | Case No. 3:25-cv-738-MOC <br><br> JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Plaintiff, Mohamad Conteh, proceeding pro se, files this Verified Complaint against Defendant American Express Company ("Amex") and alleges as follows:

### I. INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., specifically 15 U.S.C. § 1681s-2(b), to address Defendant's willful and negligent failure to conduct a reasonable investigation of Plaintiff's dispute

1

regarding inaccurate reporting of three Amex credit card accounts, including the date of first delinquency, payment history, and date of last payment.

2. Defendant's actions have caused Plaintiff severe mental, emotional, and financial distress, including the denial of a car loan and a home loan, as well as the loss of other credit opportunities, as detailed herein.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this case arises under federal law.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district, and Plaintiff resides in this district.

## III. PARTIES

5. Plaintiff Mohamad Conteh is an individual consumer residing at 12221 Silveroak Lane, Charlotte, NC 28277.

6. Defendant American Express Company is a corporation organized under the laws of New York, with its principal place of business at 200 Vesey Street, New

York, NY 10285. Amex is a furnisher of information as defined by 15 U.S.C. § 1681s-2.

## IV. FACTUAL ALLEGATIONS

7. On or around November 2021, Plaintiff opened three credit card accounts with Amex for personal, family, or household purposes, bearing the following account numbers:

   a. Amex Account #3499929953863213;

   b. Amex Account #3499920891441333;

   c. Amex Account #3499929273450643 (collectively, the "Accounts").

8. Plaintiff eventually fell on hard times, and the Accounts were charged off by Amex.

9. The Accounts were subsequently reported on Plaintiff's credit reports with an inaccurate date of first delinquency ("DOFD"), inaccurate payment history, and an inaccurate date of last payment ("DOLP").

10. On or around February 2025, Plaintiff disputed the inaccurate DOFD, payment history, and DOLP for the Accounts with a consumer reporting agency, providing evidence of the inaccuracies (attached as Exhibit A to this Complaint).

3

11. The consumer reporting agency verified the dispute with Amex, as evidenced by the remarks on Plaintiff's credit report (Exhibit A), but Amex failed to correct the inaccurate DOFD, payment history, and DOLP.

12. Plaintiff also reached out to the Consumer Financial Protection Bureau ("CFPB") for assistance, but Amex still did not comply with its obligations to correct the inaccuracies.

13. Amex, as a furnisher, failed to conduct a reasonable investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b), thereby allowing the inaccurate DOFD, payment history, and DOLP to persist on Plaintiff's credit reports.

14. As a direct result of Amex's actions, Plaintiff has suffered severe mental, emotional, and financial distress, including the denial of a car loan and a home loan, as well as the loss of other credit opportunities, as evidenced by documentation Plaintiff is willing to provide in discovery, such as denial letters from the respective lenders.

## V. CAUSE OF ACTION

COUNT I: VIOLATION OF THE FCRA BY AMEX (15 U.S.C. § 1681s-2(b))

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Amex, as a furnisher of information, had a duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation of Plaintiff's dispute regarding the inaccurate DOFD, payment history, and DOLP for the Accounts.

17. Amex received notice of Plaintiff's dispute from a consumer reporting agency but failed to conduct a reasonable investigation, allowing the inaccurate DOFD, payment history, and DOLP to remain on Plaintiff's credit reports.

18. Amex's failure to investigate constitutes a willful and/or negligent violation of the FCRA, causing Plaintiff actual damages, including emotional distress, denial of a car loan, denial of a home loan, and loss of other credit opportunities. Amex's conduct constitutes a reckless disregard of its statutory duties, amounting to a willful violation under the FCRA. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007) (defining willfulness as reckless disregard of FCRA obligations).

19. Courts have held that furnishers must conduct meaningful investigations under the FCRA. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009) (holding that a furnisher's investigation must be reasonable and substantive); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142 (4th Cir. 2008) (affirming furnisher liability for failing to reasonably investigate a dispute,

5

resulting in damages for emotional distress and punitive damages); Johnson v. MBNA Am. Bank, NA, 357 F.3d 426 (4th Cir. 2004) (holding that furnishers must investigate the accuracy of their reporting beyond merely verifying their own records); Seamans v. Temple Univ., 744 F.3d 853 (3d Cir. 2014) (recognizing that a furnisher's failure to correct inaccurate information after a dispute can lead to liability for actual and punitive damages).

## VI. DAMAGES

20. As a direct and proximate result of Amex's willful and/or negligent violations of the FCRA, Plaintiff has suffered:

   a. Actual damages, including severe mental and emotional distress;

   b. Financial harm, including the denial of a car loan, denial of a home loan, and loss of other credit opportunities;

   c. Statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. Plaintiff is entitled to punitive damages under 15 U.S.C. § 1681n due to Amex's willful noncompliance with the FCRA, as recognized in Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142 (4th Cir. 2008) and Seamans v. Temple Univ., 744 F.3d 853 (3d Cir. 2014).

6

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award actual damages in an amount to be determined at trial, but not less than $25,000;

C. Award statutory damages of $1,000 per violation under 15 U.S.C. § 1681n;

D. Award punitive damages in an amount to be determined at trial, but not less than $50,000, to deter future violations;

E. Order Defendant to correct the inaccurate DOFD, payment history, and DOLP for the Accounts and delete the tradelines from Plaintiff's credit reports with all major consumer reporting agencies, including Experian, Equifax, and TransUnion;

F. Award Plaintiff reasonable costs and attorney's fees (if applicable) under 15 U.S.C. §§ 1681n and 1681o;

G. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

IX. VERIFICATION

I, Mohamad Conteh, swear or affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 5th day of May, 2025.

*[signature]*

Mohamad Conteh, Pro Se

12221 Silveroak Lane

Charlotte, NC 28277

Mohcon22@gmail.com

704-890-4161

STATE OF NORTH CAROLINA    )

                    ) ss:

COUNTY OF MECKLENBURG           )

Subscribed and sworn to (or affirmed) before me on this  9  day of May, 2025, by Mohamad Conteh, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Navinchandra Amin*
NAVINCHANDRA AMIN
Notary Public

My Commission Expires: 29th Sept 2026

[Notary Seal]

9